UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN J. WALSH,[1]

      Plaintiff,

v.

PARAMOUNT INDUSTRIAL
MACHINING, INC., et al.,

      Defendants.

_____/

Case No. 20-12477
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## CONSENT ORDER AND JUDGMENT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of
Labor ("Secretary"), pursuant to the provisions of the Employee Retirement
Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*,
filed a complaint against Defendants Sheila Rossmann ("Rossmann"), Maxwell
Schwartz ("Schwartz"), and Paramount Industrial Machining, Inc. ("Paramount
Industrial") (collectively, "Defendants") alleging breaches of their fiduciary
responsibilities under ERISA §§ 403, 404, and 406, 29 U.S.C. §§ 1103, 1104, and

---

[1] This action was commenced in the name of Eugene Scalia, Secretary of the
Department of Labor. Mr. Scalia is now the former Secretary of Labor and Martin
J. Walsh is now the Secretary. Therefore, Mr. Walsh is being automatically
substituted for Mr. Scalia as the Plaintiff, pursuant to FED. R. CIV. P. 25(d), and the
caption of this action is amended accordingly.

1106, with respect to the Paramount Precision Products, Inc. 401(k) Plan (the "401(k) Plan"). The complaint also alleged Schwartz and Paramount Industrial breached their fiduciary responsibilities under ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106, with respect to the Paramount Industrial Machining, Inc. Welfare Benefit Health Plan (the "Health Plan").[2]

Defendants Rossmann, Schwartz, Paramount Industrial, the 401(k) Plan, and the Health Plan have waived service of process and admit to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and Defendants have agreed to resolve all matters in controversy in this action between them, and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

**IT IS THEREFORE ORDERED, ADJUDICATED, and DECREED that**:

1.     Defendants Rossmann, Schwartz, and Paramount Industrial are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq.*

---

[2] The 401(k) Plan and the Health Plan are named as defendants herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

2.      Defendants Schwartz and Paramount Industrial are jointly and severally liable to the 401(k) Plan in the total amount of $7,025.64, including lost opportunity costs.

3.      Defendants Schwartz and Paramount Industrial are jointly and severally liable to the Health Plan in the total amount of $18,779.79, including lost opportunity costs.

4.      Defendant Rossmann is liable to the 401(k) Plan in the total amount of $11,552.82, including lost opportunity costs.

5.      Defendant Rossmann shall restore $11,552.82 to the 401(k) Plan upon execution of this Judgment. All restorations made by Defendant Rossmann upon execution of this Judgment shall include allocation instructions to John Hancock Life Insurance Company ("John Hancock") as to which Plan participants will receive restorations to their account and the amount of such restoration. Within seven (7) days, Defendant Rossmann will provide EBSA Regional Director, Regional Director L. Joe Rivers, 1885 Dixie Highway, Suite 210, Ft. Wright, KY 41011-2664 ("EBSA Regional Director") with satisfactory written proof of these restorations to the Plan and the allocations made to the Plan's participants' accounts.

6.      Defendant Schwartz shall restore $7,025.64 to the 401(k) Plan upon execution of this Judgment. All restorations made by Defendant Schwartz upon

3

execution of this Judgment shall include allocation instructions to John Hancock as to which Plan participants will receive restorations to their account and the amount of such restoration. Within seven (7) days, Defendant Schwartz shall provide the EBSA Regional Director at the address in paragraph 5 above with satisfactory written proof of these restorations to the Plan and the allocations made to the Plan's participants' accounts.

7.     The $18,531.18 in restorations made by Defendants Rossmann and Schwartz to the 401(k) Plan shall be credited to the investment accounts of all individuals who: (1) were employees of Paramount Precision Products, Inc. ("Paramount Precision") during the period September 18, 2015, to August 5, 2016, and/or employees of Paramount Industrial during the period February 17, 2017, to September 8, 2017; (2) Plan participants during the periods September 18, 2015, to August 5, 2016, and/or February 17, 2017, to September 8, 2017; and (3) had voluntary employee contributions and/or participant loan repayments withheld from their salaries during such period(s) and such contributions were not remitted to the 401(k) Plan; and (4) have not received a distribution of their fully-vested account balance in an amount calculated as of the dates the loss restoration monies were paid to the 401(k) Plan. The 401(k) Plan shall allocate the $18,531.18 to the individual investment accounts of the Plan's participants in an amount equal to the unremitted participant contributions owed each 401(k) Plan participant. The lost

opportunity cost amount allocated to each 401(k) Plan participant is based on the

percentage of the amount due for unremitted participant contributions.

8.     Defendant Schwartz shall pay $15,217.15 directly to the participants

in the Health Plan identified in Exhibit A upon execution of this Consent Order

and Judgment. These monies represent amounts withheld from employees' salaries

as participant contributions for the payment of Health Plan premiums that were not

remitted to the Health Plan's insurance carrier, and lost opportunity costs thereon.

9.     Defendant Schwartz shall further pay $3,562.64 directly to Health

Plan participant T. Collins as identified in Exhibit A upon execution of this

Consent Order and Judgment. These monies represent unpaid Health Plan claims

resulting from the failure to remit premiums to the Health Plan's insurance carrier,

and lost opportunity costs thereon.

10.     Within fourteen (14) days, Defendant Schwartz shall provide the

EBSA Regional Director at the address in paragraph 5 above with satisfactory

written proof of restoration to the participants in the Health Plan identified in

Exhibit A as provided in paragraphs 8 and 9 above.

11.     Within 120 days of the entry of this Consent Order and Judgment,

Defendant Rossmann shall cause the 401(k) Plan to distribute all 401(k) Plan

assets to the Plan participants and shall terminate the Plan in accordance with ERISA and the 401(k) Plan's governing documents.[3]

12.    Defendant Rossmann shall take appropriate actions to locate each such participant or beneficiary of the 401(k) Plan to notify each such participant or beneficiary of their entitlement to a restoration of losses, as well as the appropriate documentation relating to termination of the 401(k) Plan as required by ERISA. Appropriate actions regarding locating participants and beneficiaries include complying with the guidance in (1) Missing Participants – Best Practices for Pension Plans (January 12, 2021), available at https://www.dol.gov/sites /dolgov/files/ebsa/employers-and-advisers/plan-administration-and-compliance/retirement/missing-participants-guidance/best-practices-for-pension-plans.pdf; and (2) EBSA Field Assistance Bulletin 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 21, 2014), available at https://www.dol.gov/sites/dolgov/files/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01.pdf.

---

[3] The 401(k) Plan's governing documents are the Group Annuity Contract with John Hancock (Contract No. 112913), the Recordkeeping Agreement with John Hancock (Proposal No. 000531158), The Rose Financial Group, LLC Defined Contribution Prototype Plan and Trust ("401(k) Plan Document"), the Adoption Agreement for The Rose Financial Group, LLC Standardized 401(k) Profit Sharing Plan (effective as of January 1, 2014) ("Adoption Agreement"), and The Rose Financial Group, LLC Contract for Pension Administration Services dated October 23, 2013 ("Administrative Services Contract").

13.    Defendant Rossmann shall use the 401(k) Plan's Forfeiture Account in accordance with ERISA and the 401(k) Plan's governing documents, including the Adoption Agreement and the 401(k) Plan Document. For purposes of 401(k) Plan termination, Defendant Rossmann agrees the phrase "to pay any Plan expenses" on page 26 of the 401(k) Plan Document includes only those Plan expenses that would have been incurred had all employee salary deferral contributions and participant loan repayments withheld for remittance to the 401(k) Plan been timely remitted. No more than $1,500.00 shall be used from the Forfeiture Account to pay for reasonable expenses involved in terminating the 401(k) Plan. No fees shall be paid directly or indirectly to Defendant Rossmann in her termination of the 401(k) Plan using the Forfeiture Account or any other 401(k) Plan assets. No fees shall be paid directly or indirectly to Schwartz in his restoration of losses to the 401(k) Plan using the Forfeiture Account or any other 401(k) Plan assets.

14.    Within thirty days from the date the 401(k) Plan is fully terminated, Defendant Rossmann shall provide satisfactory written proof of such termination, including proof of the issuance of the 401(k) Plan's participant distributions and accounting of the use of the monies in the 401(k) Plan's Forfeiture Account, to the EBSA Regional Director at the address in paragraph 5 above.

15.    Defendant Rossmann shall notify the EBSA Regional Director within seven days of any change of her name, residence, telephone number, mailing address or employment until the 401(k) Plan is fully terminated as identified in paragraphs 11 through 14 above.

16.    Within 120 days of the entry of this Consent Order and Judgment, Defendant Rossmann shall complete eight hours of education relating to the fiduciary duties imposed under ERISA. The terms of this paragraph may be satisfied in part (if less than eight hours) or in full (if eight hours or more) by Defendant Rossmann's completion of the International Foundation of Employee Benefit Plans' "Certificate in ERISA Compliance"[4] or the Cannon Financial Institute's "Retirement Plan Services." Defendant Rossmann shall provide the Regional Director with proof that this education has been completed. Nothing in this Consent Order and Judgment shall bar Defendant Rossmann from serving as a fiduciary to ERISA-covered employee benefit plans after completing the requirements in this paragraph.

17.    Defendants Schwartz and Paramount Industrial shall be permanently enjoined from serving or acting as fiduciaries or service providers with respect to employee benefit plans subject to ERISA.

---

[4] In the event Defendant Rossmann takes this course, she shall choose "Overview of Retirement Plans" and "Retirement Plan Investments and Vendor Management" as her "elective" courses.

18.     As a result of Defendant Rossmann's restoration of $11,552.82 to the 401(k) Plan, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*).

    a.      The Secretary has determined Defendant Rossmann shall be and hereby is assessed a total civil penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), of $2,310.56.

    b.      Defendant Rossmann retains her right to seek a waiver from the Secretary (or his appropriate designee) of the civil penalty in accordance with ERISA § 502(*l*)(3), 29 U.S.C. § 1132(*l*)(3), and 29 C.F.R. § 2570.85.

    c.      Defendant Rossmann hereby waives the notice of assessment and service requirement of 29 C.F.R. § 2570.83.

    d.      Within 30 days of the approval of this Consent Order and Judgment by the Court, Defendant Rossmann agrees to pay the penalty assessed by the Secretary pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), unless she requests a waiver pursuant to ERISA § 502(*l*)(2)(A), 29 U.S.C. § 1132(*l*)(2)(A).

    e.      Defendant Rossmann shall have the right to request a waiver of the ERISA § 502(*l*) penalty in its entirety in accordance with ERISA § 502(*l*)(3) and shall comply with the requirements of 29 C.F.R. § 2570.85 in requesting the waiver. Defendant Rossmann agrees to waive any other

9

defenses or appeals if the waiver is denied or if she fails to seek said waiver within the time set forth in this paragraph. This document or a copy thereof can be used as evidence of her waiver of further defenses or appeals pursuant to ERISA § 502(*l*).

      f.    The Secretary shall notify Defendant Rossmann within 90 days of receiving the information identified in paragraph 17(e) above of his decision to grant or deny a waiver (in full or part). If the Secretary grants Defendant Rossmann a waiver, but only agrees to reduce the originally assessed ERISA § 502(*l*) penalty identified in paragraph 17 above, the Secretary shall accept the reduced amount as full satisfaction of the total assessed penalty identified in paragraph 17 above. Defendant Rossmann shall pay the reduced ERISA § 502(*l*) penalty under this paragraph within 30 days of the Secretary's determination.

      g.    If the Secretary denies Defendant Rossmann's petition for a waiver in its entirety, Defendant Rossmann shall pay the full 502(*l*) penalty identified in paragraph 17 above within 30 days of the Secretary's determination identified in paragraph 17(f) above, by sending a certified or cashier's check to U.S. Department of Labor, ERISA Civil Penalty, P.O. Box 71360, Philadelphia, PA 19176-1360. The certified or cashier's check referenced in this paragraph shall be made payable to the United States

Department of Labor and will reference EBSA Case No. 43-010640(48). If

Defendant Rossmann wishes to remit a check by commercial express

courier, she agrees to contact Soroosh Nikouei at the United States

Department of Labor (Niknouei.Soroosh@dol.gov or 202-693-8486) and

follow his instructions.

19.     As a result of Defendant Schwartz's restoration of $7,025.64 to the

401(k) Plan and $18,779.79 restored to Health Plan participants, the Secretary is

required to assess a civil penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*).

     a.     The Secretary has determined Defendant Schwartz shall be and

hereby is assessed a total civil penalty pursuant to ERISA § 502(*l*), 29

U.S.C. § 1132(*l*), of $5,161.08.

     b.     Defendant Schwartz waives his right to a separate notice of

assessment of the penalty under ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), the

notice of assessment and service requirement of 29 C.F.R. § 2570.83, and

his right to seek any further reductions of or relief from the penalty under

ERISA § 502(*l*), 29 U.S.C. § 1132(*l*).

     c.     Within 30 days of the approval of this Consent Order and

Judgment by the Court, Defendant Schwartz shall pay the penalty by

sending a certified or cashier's check to:

          U.S. Department of Labor
          ERISA Civil Penalty

P.O. Box 71360
Philadelphia, PA 19176-1360

    d.    The certified or cashier's check referenced in this paragraph shall be made payable to the United States Department of Labor and will reference EBSA Case Nos. 43-010788(48) and 43-010640(48). If Defendant wishes to remit a check by commercial express courier, he agrees to contact Soroosh Nikouei at the United States Department of Labor (Niknouei.Soroosh@dol.gov or 202-693-8486) and follow his instructions.

20.    Each party agrees to bear his, her, or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

21.    The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment

22.    This Consent Order and Judgment represents a complete settlement and release with prejudice of all the Secretary's claims asserted in this action against the Defendants, with the exception of any potential civil money penalties assessed under ERISA § 502($l$), 29 U.S.C. § 1132($l$), which are being assessed and collected separately pursuant to the terms set forth above.

23.    Nothing in this Order is binding on any government agency other than the United States Department of Labor.

IT IS SO ORDERED.

Dated: ___10/11/2022___                    ___s/Laurie J. Michelson___
                                           **LAURIE J. MICHELSON**
                                           United States District Judge


The parties hereby consent to the entry of this consent order and judgment:

**FOR PLAINTIFF:**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_____

**KEVIN M. WILEMON**
Senior Trial Attorney

Attorneys for **MARTIN J. WALSH**
Secretary of Labor
U.S. Department of Labor
Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-6973
Fax No.: 312/353-5698
E-mail: wilemon.kevin@dol.gov

**LOCAL COUNSEL:**

**DAWN N. ISON**
United States Attorney

13

PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
**P30643**
Email:  peter.caplan@usdoj.gov


**FOR DEFENDANTS SHEILA ROSSMANN AND PARAMOUNT
PRECISION PRODUCTS 401(K) PLAN:**

**SHEILA ROSSMANN**

**PARAMOUNT PRECISION
PRODUCTS 401(K) PLAN**

By: SHEILA ROSSMANN,
TRUSTEE

**APPROVED AS TO FORM AND
CONTENT**

By:_____
Mark L. Kowalsky (P35573)
Counsel for Defendants, Rossmann and
Precision Products 401(k) Plan

27777 Franklin Road, Suite 2500
Southfield, MI 48034

(248) 351-3000
mkowalsky@jaffelaw.com

14

**FOR DEFENDANTS MAXWELL J. SCHWARTZ, PARAMOUNT INDUSTRIAL MACHINING, INC., and the PARAMOUNT INDUSTRIAL MACHINING, INC. WELFARE BENEFIT HEALTH PLAN**

APPROVED AS TO FORM AND
CONTENT

By: _____

ROBERT S. ROLLINGER (P27237)
Attorney for Defendants
Paramount Industrial Machining, Inc.,
A dissolved Michigan corporation
& Maxwell Schwartz

30500 Northwestern Hwy., Suite 500
Farmington Hills, MI 48334
rrollinger@rollingerpc.com

_____
**MAXWELL J. SCHWARTZ**

_____
**PARAMOUNT INDUSTRIAL
MACHINING, INC.**

By: MAXWELL J. SCHWARTZ,
PRESIDENT

_____
**PARAMOUNT INDUSTRIAL
MACHINING, INC. WELFARE
BENEFIT HEALTH PLAN**

By: MAXWELL J. SCHWARTZ

## EXHIBIT A

| First Name | Last Name | Unremitted Participant Contributions | Lost Opportunity Costs | Total |
|---|---|---|---|---|
| Katherine | Beal | $1,347.85 | $229.80 | $1,577.65 |
| Murl | Behnke | $1,001.44 | $170.87 | $1,172.31 |
| Maurice C. | Carlson | $1,012.55 | $172.96 | $1,185.51 |
| Sheqir | Ejupi | $763.95 | $130.56 | $894.51 |
| David | Gnatt | $1,048.15 | $178.85 | $1,227.00 |
| Jason | Grobbel | $1,281.81 | $218.62 | $1,500.43 |
| Andrew | Hackler | $1,157.88 | $197.43 | $1,355.31 |
| Dale | Hicks | $436.99 | $74.52 | $511.51 |
| Kenneth | Lawson | $436.99 | $74.52 | $511.51 |
| Julio | Manzo | $1,063.63 | $181.47 | $1,245.10 |
| Jose | Manzo-Sandoval | $709.56 | $121.34 | $830.90 |
| Martin | Manzo-Sandoval | $709.56 | $121.34 | $830.90 |
| John | Mayo | $38.97 | $6.64 | $45.61 |
| Matthew | Modrak | $398.79 | $68.19 | $466.98 |
| Sheila | Rossman | $124.15 | $21.03 | $145.18 |
| Isaias | Sandoval | $1,029.60 | $175.63 | $1,205.23 |
| Don | Wilmoth | $436.99 | $74.52 | $511.51 |
| | | | Subtotal: | $15,217.15 |
| | | Unpaid Health Claims | | |
| T. | Collins | $3,041.00 | $521.64 | $3,562.64 |
| | | | Total: | $18,779.79 |

16